My name is Paul Turner. I'm with the Federal Public Defender Office in Las Vegas, Nevada. I represent Mr. Evans. I have submitted, a couple of days ago, I FedExed a 28J letter to the court, hoping that it arrived. For some reason, I don't have it. I'm not sure. Has the clerk's office received it yet? I have to tell you that our court is so large that sometimes it takes two or three days just to get from the mail room to the appropriate panel. So, can you summarize what you have? Yes, I can, Your Honor. Two cases I've cited in the court. One is the Wiggins v. Smith case that came down from the Supreme Court in late June, 123 Supreme Court 2527. And that case, of course, deals generally with the whole subject of ineffective assistance of counsel, and in particular, the lack of an effective and proper investigation of a case. And that has some applicability, of course, to some of the grounds in this case. More pointedly, though, for what I'd like to say to the court today, is the case of United States v. LaPage, LAPAGE, 231 F. 3rd. 488. The dissent in that case, oddly enough, is 30 volumes later. Apparently, there was a mistake made by Westlaw, and it's at 271 F. 3rd. 909. That case I would like to put some emphasis on, if I might. Now, this is one of our cases? This is a Ninth Circuit case. It is, Your Honor. It's a 2000 Ninth Circuit case from 2000.  All perjury pollutes a trial, making it hard for jurors to see the truth. This is a polluted case, this case that we have before you today. It's polluted because the key witness in the case lied at the trial. The key witness was Ruth D'April. I hope I'm pronouncing it right. It's D-A-P-R-I-L-E. D'April was a drug addict, a felon, unfit parent, documented liar, and most importantly, she lied at this trial. The prosecutor, in closing argument, said, and I'll quote from my brief at page 30, if this crime is to fall, Ruth D'April has to fall. Ruth D'April must be attacked, and Ruth D'April's testimony must be destroyed, for there is a witness whose identification cannot be in doubt. He goes on to say that Ruth D'April must be tried by the defense in this case, for if her testimony is correct, there is absolutely no doubt. She is the linchpin of the prosecutor's case. All right. Now, you've raised nine issues. Yes, I have, Your Honor. For us to consider. Which one are we referring to? This is ground one. This is the Brady argument in general, dealing with the failure of the prosecution to provide certain specific information. Over the arrest records and the PSR? Yes. The arrest records and the PSR. The reason the district court erred on this issue, Your Honor, is that the district court applied the wrong standard. But I thought you were aware. I mean, your client had to be aware of this information. Yes. My client was aware of the information. And in the context of a perjured witness, a perjury witness, if you will, the rules changed slightly. Because there, where you have evidence that the prosecutor knew or should have known of the perjury, that the standard becomes significantly higher, if you will, for the State and lower for the defendant. Where's the perjury? The perjury is in that Ms. D'April described the incident in question. She – this incident started. You say it's perjury because you disagree with her statement. But has she been convicted of perjury? No, she hasn't been convicted of perjury. She just made her testimony and your client doesn't agree with it. Your client thinks she's lying. But that doesn't have much to do with whether or not that there's a problem here with holding under Brady. Well, Your Honor, I think if – and I'm sure Your Honor's done this. If you look at the police report about her and if you look at the PSR, you'll see that – But your client already knew all those things. They were – He did, Your Honor. But in LePage – Where's the harm? In LePage, Your Honor, at page 491 to 492, in LePage, this Court says that the government duty to correct perjury is not excused merely because a defendant counsel or – and defense – excuse me, merely because defense counsel knows and the jury may figure out that somebody commits perjury. So the fact that defense counsel knows – You're assuming there's perjury. Well, I'm assuming – I think I have proof of it in the record here. Well, I know the jury didn't believe you. The Court didn't believe the record. It didn't believe – the jury believed the witness. I know, Your Honor, but juries believe lying witnesses, unfortunately. Sometimes clients think they're lying and they're not. But you keep calling it perjury, but there's no finding of perjury. But, Your Honor, that's an excellent point. And what I'd like to ask the Court today is to send this case back and give us the evidentiary hearing we didn't get. I'm sure you've looked closely at the district judge's ruling. He says two or three times that there was an evidentiary hearing in the state court. That's true to a point. It was on one issue, which is Ground 15 of this. But it wasn't on Ground 1. It didn't have anything to do with Ground 1. The state court judge, Michael Douglas, limited it to one issue. So that was a truncated hearing. And I think the district judge must have been confused by that because he obviously seems to be talking as if this – Mr. Evans got a full hearing below and he did not. And I think he's entitled to a hearing. And we'd like to address those factual issues if there are – and I'd like to have a chance to address them in an evidentiary hearing if we could. Because I think we can show clearly this lady lied. This lady was a larson, was a petty thief whose MO was to rob newspaper racks of money. That's what she did for a living. She had done it six times, as the record shows. And that night in question, she was at a newspaper rack at an apartment house, the exact type of situation where she does her robbing, her larceny. Your client knew all about it. He was with her. Well, obviously we dispute whether he was with her or not, but he definitely would know that she was that kind of person. There's no doubt at all because he had worked with her before. You're absolutely right. We would say, though, that she was the one committing larceny that night and not with our client but with somebody else. Her burglary tools, by the way, are still in the Las Vegas Police Department under her name that she used to enter newspaper boxes. She did this and she was good at it, and that's how she earned her income. But that night, she tells the jury that she's just innocently over there that night. She just sort of is out for a ride. And very importantly, she has a bunch of coins with her. Well, coins, of course, are a motive. Everyone in Las Vegas, one way or another, probably has coins with them. But this lady had coins because her job is to get coins out of newspaper racks, and that's what she was doing that night. We feel we can show that if we had a hearing. She lied. And because she lied, Mr. Evans should have a new trial. The fact that Mr. Evans knew that she was a liar does not, under LePage, excuse the prosecutor condoning this. This is a prosecutor who felt getting a conviction was more important than the truth, and that's wrong, and that should be reversed by this Court and sent back to give us a hearing on it. A hearing on whether or not there was perjury? Would that be the ---- Well, that would be ---- I'd like to get the prosecutor on the stand. I mean, you know, I'd like to ask the prosecutor some questions to be sure and verify what he knew. I'd also like to get Ms. D'April under oath as to what she was doing that night. But I think the police report that's in the record is very clear as to who she was and where she was coming from. And the PSI, of course, also, PSI, which starts at EOR 1906, notes that she lies two or three times to the probation office in Nevada about her family history. She can't even tell the truth about her own family. Counsel, you're down to about two minutes. Okay. And the police report that the key pages are 1903, EOR 1903 and 1904, where she very frankly tells the police about her career as a robber of newspaper. There are other aspects here. The defendant asked for an accomplice instruction. The Court, the judge here, found that she was an aider and abetter, and yet he wouldn't give an accomplice instruction. I don't know how that can happen. I mean, that just doesn't make any sense to me. There's evidence here from the eyewitnesses that Ms. D'April put her hand over the victim's mouth and held her in the vehicle before this alleged sexual assault occurred. She couldn't be anything but an accomplice, and in a fair trial the accomplice instruction would have been granted. I think this is somewhat of a Hicks v. Oklahoma kind of claim. I realize it's state procedure as to whether you get an instruction to some extent, but this took away a fair trial. Ms. D'April is the key witness here. This accomplice instruction was critical because she is it. The prosecutor says she's it, the record shows she was it, and the instruction should have been granted. I have some other things to say, Your Honor, but maybe I will sit down and have a chance to rebuttal. Thank you. Ms. Mooneyhan, is that correct? Yes. Good morning. Brandy Mooneyhan. I represent the respondents in this case. I'll begin by addressing what Mr. Turner focused on, which was Ruth D'April's background. As this Court knows, in order to find a Brady violation, we need to find that there was some sort of nondisclosure, whether inadvertent or not, that was so serious that there's a reasonable probability that this evidence would have produced a different verdict, and I submit that it would not have. The police reports regarding the July 9th arrest of Ruth D'April, in the state of Nevada, of course, you can only impeach a witness with a felony conviction, not an arrest. Also, as you pointed out, Mr. Evans was perfectly aware of the circumstances of that arrest because he was arrested along with her. Regarding the pre-sentence report, in Nevada, those types of reports are confidential. It's doubtful that that would have been of much use because it shouldn't have been disclosed to anybody outside of the judge and Ms. D'April herself. The evidentiary hearing in state court was limited to the issue regarding the alibi witnesses because the state court judge found there that there was no merit to the other allegations. This was the only one where there was a factual disagreement regarding the alibi witnesses, and that's why he limited the hearing to that issue alone. I'd like to emphasize that referring to Ms. D'April's testimony as perjury is, as you pointed out, she's never been tried for perjury. She's never been accused of perjury besides Mr. Evans, who obviously disagrees with her testimony. Regarding whether Mr. Evans should have been given an accomplice in instruction, the state district court found that she was not liable for prosecution for the same crimes which would have made her an accomplice, and the Nevada Supreme Court found under Nevada law that he was not entitled to such an instruction, and I believe that's the proper court to determine under Nevada law whether he was entitled to such an instruction. The bottom line is that this prosecution or this conviction is constitutional, and I'll sit down unless the court has any further questions. No questions. Thank you, counsel. Thank you. Mr. Turner, you have some reserved time. Ms. Winnihan indicated that the PSR couldn't be released. Whatever Nevada law may be on releasing pre-sentence reports, it can't override the U.S. Constitution, obviously, and there's no exception that I know to the Brady line of cases, any of these cases that if someone lies to a probation officer, that can't be used to impeach them, and that Brady material shouldn't be produced. I can't imagine that that could be the law, and I don't believe it is. Do you have a case? No, I don't have a case, Your Honor. Well, you don't believe it is a pure burden, of course. The supremacy clause, I guess, would be what I would rely on. The state clause? Yes, that the due process clause of the U.S. Constitution overrides any state law, and I think it does. If it's denied a due process, not be able to use that material, I think, to assure that this was a fair trial, and I can't imagine Nevada law could supersede that. I think that was decided quite a while ago. We understand your argument, counsel. Your time has expired. Thank you, Your Honor. The case just argued will be submitted for decision.
judges: Wallace, O'scannlain, Beistline